## Commonwealth ex rel. Hernandez v. Price

*Samuel J. Goldstein*, for petitioner.

*Edward C. Boyle*, District Attorney, for Commonwealth.

O'BRIEN, J., March 6, 1956.—The within matter is before the court upon the petition of Henry Hernandez for a writ of habeas corpus whereby petitioner seeks to avoid extradition demanded by the Governor of the State of Illinois from the Governor of the Commonwealth of Pennsylvania.

Basically, petitioner seeks to establish that the extradition papers were not valid at the time of his initial

arrest, and that he was not present in the State of Illinois at the time of the commission of the crime of child abandonment with which he is charged under chapter 38, sec. 99, of the Illinois Revised Statutes.

In connection with his first contention, petitioner points out that, at the time he was taken into custody, the authentication of the Governor of Illinois was not attached to the extradition papers. The aforesaid authentication, of which respondent's exhibit no. 1 is a photostatic copy, formed a part of the original papers directed to the Governor of the Commonwealth of Pennsylvania. This copy, certified by the office of the Secretary of the Commonwealth, was obtained after its omission from the record had been questioned while petitioner was proceeding on this same matter in the Federal District Court for the Western District of Pennsylvania. And that proceeding was had after the same matter had been once previously heard by this court at no. 2688, July term, 1955. In both of the prior proceedings, the petitions were dismissed.

It should be noted that the question of extradition is one primarily for the decision of the Governor of the asylum State. The Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, sec. 3, 19 PS §191.3, provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing, alleging, except in cases arising under section 6, that the accused was present in the demanding state at the time of the commission of the alleged crime and that therafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon or by a copy of a judgment of conviction or

of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state, and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

It is mandatory, thereunder, that the extradition papers enumerated must be authenticated. This was done to the satisfaction and information of the Governor of the Commonwealth of Pennsylvania and there is no provision in the Act of 1941 that this authentication must accompany the copy of the papers sent to the arresting officer along with the Governor's warrant.

Petitioner points to paragraph III, sec. 23, of the Act of July 8, 1941, P. L. 288, 19 PS §191.23, as supporting his contention. This provision of the Act of 1941 not only does not support petitioner's contention but, as a matter of fact, has to do with an entirely different situation, to wit, the procedure to be carried out in the office of the Governor in the *demanding* State.

Regarding petitioner's contention that he was not present in the demanding State at the time of the alleged commission of the said crime, it might be mentioned that, although we often examine that matter in Pennsylvania, such an examination is not necessary in most instances. All that is necessary in that respect, according to the Act of 1941, is that the extradition papers contain an averment that he was so present.

Nonetheless, in the record of the proceedings had in this matter before this court at no. 2688, July term 1955, there appears the testimony of the prosecutrix

that he was present, in the State of Illinois, on and after the date of the alleged crime.

It must be concluded that the contentions of petitioner are without merit and the petition must be dismissed.

Further, it now appears to this court that the within action has presented no matter which was not or should not have been presented at the prior proceeding at no. 2688, July term, 1955, and that the within action was taken only after the time for appeal in the prior proceeding had elapsed and a petition to allow the filing of an appeal nunc pro tunc therein had been denied by the Supreme Court of Pennsylvania. This alone would have justified a summary dismissal of the present petition but, in matters of this type, the court prefers to allow some latitude in the presentation of additional evidence which, for some valid reason, was not presented at the prior hearing. In this instance no such material was presented.

This opinion is to be filed in conjunction with the order of court, filed in the within matter on December 9, 1955.